# EASTERN IRON AND METAL COMPANY, LIMITED, *v.* H. C. PATTERSON, ET ALS.

## NO. 2764.

MOTION FOR LEAVE TO FILE A BILL OF REVIEW AND MOTION FOR MOTION FOR NEW TRIAL IN CIRCUIT COURT.

## NO. 2913.

MOTION FOR LEAVE TO FILE A BILL OF REVIEW IN CIRCUIT COURT AND MOTION TO INTRODUCE NEWLY DISCOVERED EVIDENCE.

ARGUED MAY 25, 1953.                    DECIDED MAY 29, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

*Per Curiam.* The respondents Industrial Development and Meagher appealed from the final decision of this court (39 Haw. 346) to the United States Court of Appeals for the Ninth Circuit, which, at their instance and with the consent of respondent Patterson, ordered the cause remanded to this court "for the limited purpose of filing in that court a motion for a new trial or bill of review and the taking of evidence thereon, or in the alternative, for the limited purpose of filing in that court a motion to remand this cause to the Circuit Court of the First Judicial Circuit of the Territory of Hawaii for the purpose of hearng a motion for a new trial or bill of review and the taking of evidence thereon." Pursuant to that order, the respondents Industrial Development and Meagher filed the above-entitled motions with lengthy affidavits attached.

Assuming without deciding that the motions on their face are not fatally lacking in diligence at this stage of successive appeals, the affidavits which purport to support

those motions are patently insufficient as a matter of law and fact. This is brought into bolder relief in the light of the record as a whole and the authorities as submitted by counsel in their exhaustive memoranda. A brief analysis of those affidavits will suffice to demonstrate their nature.

There are two sets of supporting affidavits to be considered. Each deals with the testimony of a former witness at the trial and describes it as being incorrect or incomplete. Each apparently seeks to show that those witnesses on refreshing their memories after being interviewed by respondent Meagher more than four years subsequent to the time of contract involved in the trial are now ready to change or enlarge upon their testimony, given at the trial within a few months after the time of contract, if called to testify at a new trial. New matters to be derived therefrom, however, appear to be either cumulative or additional to the defense made by movants at the trial. Nor does it appear to this court that such matters, if presented by the movants through the medium of those witnesses at a new trial, would be so controlling, cogent or persuasive as probably to result in a different conclusion than that reached pursuant to this court's decision on review of the old trial. The contrary rather appears to be the case.

The first set of affidavits is made by a respondent other than the movants. He is the president of the respondent corporation which contracted with the petitioner. Largely upon his testimony, all four respondents, inclusive of the movants, prevailed below by interlocutory decree. He testified *inter alia* to the effect that in contracting with the petitioner he intended to defraud it. Now he avers in substance that he intended not only to defraud the petitioner but also conspired with it to defraud his own partners with whom he had entered into an oral

agreement of joint venture one month before. If he so testified at a new trial, he would be enlarging upon his own fraud to his further discredit. Necessarily, he would be called by the movants and they in doing so would be impeaching their own witness in defeat of the very purpose for which he was called.

The other set of affidavits is of even less value. It is made by the movants' attorney. He avers therein to purely hearsay statements of a former witness for the petitioner made to him in his office. Concededly, the only efficacy of those affidavits depends upon the availability of the witness himself to testify for the movants at a new trial consistently with the statements attributed to him. But no such availability appears to be the case. On the contrary, it affirmatively appears that this former witness for the petitioner has refused to verify those statements under oath by way of an affidavit prepared for him by the attorney of the movants, the reasonable inference being that he would likewise refuse to be their witness or to testify for them at a new trial. It is thus apparent from the character of both sets of affidavits that the motions themselves are without proper foundation and therefore without merit.

Motions denied.

*Levinson & Cobb* for motions.

*S. Shapiro* and *E. Berman* contra.